UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
VICKI DEMBIEC, DAVID DUNCAN, :
NICHOLAS NITTI, JOSHUA STONE, :
and DANIELLE WILDSTEIN, :
: Civil Action No. 20-cv-20188
Plaintiffs, :
:
v. : Return Date: March 15, 2021
:
SCOTCH PLAINS-FANWOOD REGIONAL :
SCHOOL DISTRICT; SCOTCH PLAINS- :
FANWOOD BOARD OF EDUCATION; and :
DR. JOAN MAST, in her Official :
Capacity as Superintendent of :
Schools, :
:
Defendants. :
_____

_____

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**
**[RULE 12(b)(6)]**
_____

                                                **DOUGLAS M. SILVESTRO, ESQ.**
                                                **The Busch Law Group LLC**
450 Main Street
Metuchen, NJ 08840
(732) 243-9588
dsilvestro@buschlawgroup.com

**DAVID B. RUBIN, ESQ.**
**David B. Rubin, P.C..**
450 Main Street
P. O. Box 4579
Metuchen, New Jersey 08840
(732) 767-0440
rubinlaw@att.net

Co-Counsel for Defendants

**David B. Rubin, Esq.**
**Douglas M. Silvestro, Esq.**
   On the Brief

**Table of Contents**

**Page**

**Table of Citations**................................................ii

**Argument**

    **The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted**..........................................1

**Conclusion**.......................................................5

**Table of Citations**

          **Page**

**Cases**

*A.A. ex rel. E.A. v. Exeter Tp. School Dist.*, 485 F.Supp.2d 587, 591 (E.D. Pa. 2007)..............................................2

*A.C. v. Raimondo*, 2020 WL 6042105 at *17 (D.R.I. October 13, 2020)...2

*Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 3d Cir. 2007)...............................................2

*Gary B. v. Whitmer*, 957 F.3d 616 (6th Cir. 2020)....................1,2

*Jacobson v. Massachusetts*, 197 U.S. 11 (1905).......................3,4

*M.G. v. Crisfield*, 547 F.Supp.2d 399 (D.N.J. 2008)...................2

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (1984).....2

*Roman Catholic Diocese v. Cuomo*, 141 S.Ct. 63 (2020).................4

*San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1 (1973)....................................................1,2,3

*South Bay United Pentacostal Church v. Newsom*, 140 S.Ct. 1613 (2020)......................................................3,4

**Argument**

**The Amended Complaint Fails To State A Claim Upon Which Relief May Be Granted.**

For the most part, plaintiffs' arguments in opposition to our motion were anticipated and addressed in our earlier brief but we add the following comments.

Much of plaintiffs' brief is devoted to their factual contentions that in-person instruction is superior to remote learning, and that defendants have not sufficiently justified their failure to reopen schools five days per week. We decline to respond to those contentions because they are irrelevant to our motion, which focuses on whether plaintiffs have identified any federal legal rights that would gain them admission to this Court. They have not.

**A. Substantive Due Process**

In Point B of plaintiffs' brief, they argue that the now-vacated Sixth Circuit panel opinion in *Gary B. v. Whitmer*, 957 F.3d 616 (6th Cir. 2020), *vacated en banc without decision*, 958 F.3d 1216 (6th Cir. 2020), identifies a fundamental federal right to a basic level of literacy that should be enforced by this Court. They assert that the Third Circuit precedents we cited in our earlier brief do not foreclose their argument because those decisions "merely perfunctorily cite the basic holding of *Rodriguez*[1]" and leave room for acceptance of *Gary B.*'s holding. (Pl. Brf. at 6-7.) We disagree.

As we previously noted, *Gary B.* does not address the constitutional adequacy of a temporary period of remote instruction

---

[1] *See San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1 (1973).

during a public health emergency, but instead addresses a crumbling school system's chronic inability to equip its students with a basic level of literacy. We cited *A.C. v. Raimondo*, 2020 WL 6042105 at *17 (D.R.I. October 13, 2020), as one example of a federal court's refusal to extend *Gary B.*'s rationale beyond its own facts. Another example is *Hernandez v. Grisham*, 2020 WL 7481741 (D.N.M. 2020), where the court extensively examined *Gary B.* in the context of a challenge to remote instruction during the COVID-19 pandemic and concluded that "a temporary prohibition of in-person learning during the pendency of a pandemic does not rise to the level of . . . the failure to provide access to literacy in *Gary B.*" *Id*. at *54-56. For the same reasons expressed in *A.C.* and *Hernandez*, this Court should find there is no federal constitutional right to in-person instruction.

Plaintiffs' assertion that *Gary B.* can be reconciled with *Rodriguez* and Third Circuit precedent is also without merit. As now-Chief Judge Wolfson observed in *M.G. v. Crisfield*, 547 F.Supp.2d 399 (D.N.J. 2008), also involving temporary suspension of in-school instruction – for disciplinary reasons, in that case - "there is no fundamental right to education protected under the federal constitution." *Id.* at 408 (citing *Rodriguez* and *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007)).

"It is axiomatic that a district court is bound to apply its appellate court's precedent." *A.A. ex rel. E.A. v. Exeter Tp. School Dist.*, 485 F.Supp.2d 587, 591 (E.D. Pa. 2007)(citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 867 (1984)). Until the Supreme Court revisits *Rodriguez* or the Third Circuit interprets the case

2

differently, this Court is bound by existing Circuit interpretation of *Rodriguez*.

B. **Equal Protection**

Plaintiffs' opposition brief does not explicitly address our challenge to their Equal Protection claim. The closest they come is an argument in Point C that defendants' actions do not pass the rational basis test. We have acknowledged rational basis as the standard for analyzing challenged classifications under the Equal Protection Clause, but plaintiffs have not alleged sufficient facts to trigger application of that test.

As is clear from the face of the amended complaint, plaintiffs have not alleged any disparate treatment by defendants themselves. The unequal treatment plaintiffs rely on is the level of remote instruction in Scotch Plains-Fanwood versus several of New Jersey's roughly 600 other districts plaintiffs have cherry-picked for comparison. As we explained in our earlier brief, the Equal Protection Clause only holds defendants responsible for arbitrary distinctions among students they control. Nothing of the sort is alleged here so the rational basis analysis does not even come into play.

C. *Jacobson* and *South Bay* Remain Good Law

In Point C of their brief, plaintiffs contend that *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), and *South Bay United Pentacostal Church v. Newsom*, 140 S.Ct. 1613 (2020) are no longer good law. We cited these cases in our brief opposing plaintiffs' preliminary injunction application to demonstrate that even the exercise of fundamental constitutional rights can be limited during a public

3

health emergency. These decisions are irrelevant to our current motion because they presume the existence of an underlying federal right that, in this case, simply does not exist.

For completeness of the record, however, we note that *Jacobson* and *South Bay* remain good law for the propositions they assert. As Chief Justice Roberts pointedly observed in *Roman Catholic Diocese v. Cuomo*, 141 S.Ct. 63 (2020), Justice Gorsuch's discussion of *Jacobson* reflects merely "[o]ne solo concurrence." *Id.* at 75. (Roberts, C.J. dissenting). So far as we can tell, no other Justice signified agreement with Justice Gorsuch's views on *Jacobson*'s continuing vitality. Even Justice Kavanaugh, who supported the majority's holding in that case, agreed with the Chief Justice that "[t]he Constitution 'principally entrusts the safety and the health of the people to the politically accountable officials of the States.'" *Id.* at 73-74 (Kavanaugh, J., concurring)(quoting *South Bay United Pentecostal Church v. Newsom,* 140 S.Ct. 1613 (2020)(Roberts C.J., concurring in denial of injunctive relief)). Until a majority of the Court says otherwise, *Jacobson* remains good law.

D. **State Law Claim**

Plaintiffs have not responded at all to our position that the Court should decline supplemental jurisdiction of their state law claim, so we will rely on the argument we previously submitted.

4

**Conclusion**

For the reasons expressed above and in our earlier brief, the amended complaint should be dismissed with prejudice and with costs.

    Respectfully submitted,

    **DAVID B. RUBIN, P.C.**
    Co-Counsel for Defendants

    By: /s/David B. Rubin____

Dated: March 2, 2021